UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRY VLASOV,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>PAM BONDI, Attorney General of the United States, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No.: 25-cv-01342-AJB-MSB<br><br>**ORDER REQUIRING RESPONSE TO PETITION AND SETTING BRIEFING SCHEDULE**<br><br>**(Doc. No. 1)** |

　　　　Before the Court is Petitioner Dmitry Vlasov's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (Doc. No. 1.) On May 23, 2025, Petitioner filed the instant motion against the U.S. Attorney General, Secretary of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE"), and the San Luis Regional Detention facility.[1] (*Id.*) This order follows.

---

[1] Petitioner filed his petition against former U.S. Attorney General Merrick Garland, former Secretary of Homeland Security Alejandro Mayorkas, ICE, and San Luis Regional Detention Center. (*See* Doc. No. 1.) Pursuant to Fed. R. Civ. P. 25(d), the updated caption reflects that Pam Bondi now holds the position of Attorney General of the United States and Kristi Noem is the Secretary of Homeland Security. *See* Fed. R. Civ. P. 25(d); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[W]e have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).

"The Rules Governing Section 2254 Cases in the United States District Courts ('Habeas Rules') may be applied to proceedings undertaken pursuant to 28 U.S.C. § 2241." *See Webb v. Noonan*, No. 3:18-cv-01551-GPC-NLS, 2018 U.S. Dist. LEXIS 133020, *2-*3 (S.D. Cal. Aug. 7, 2018); *see* Habeas Rule 1(b). Under Habeas Rule 4, the Court "must promptly examine" the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the prisoner." *See* Habeas Rule 4.

Here, Petitioner, a native and citizen of Russia, alleges that he has been detained at San Luis Regional Detention Center in Arizona since an immigration judge's final decision, on November 26, 2024, granting Petitioner protection from removal. (Doc. No. 1 at 1–4.) Petitioner asserts that while the Department of Homeland Security filed an appeal on December 20, 2024, it withdrew its appeal on January 14, 2025, making continued detention unconstitutional pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. No. 1 at 2.) Petitioner requests that the Court issue a writ of habeas corpus directing his immediate release from ICE custody. (*Id.*) Having reviewed the Petition, the Court finds that summary dismissal is unwarranted at this time. *See Hafeez v. Chertoff*, No. 08cv2015 WQH (NLS), 2008 U.S. Dist. LEXIS 89646, *1 (S.D. Cal. Nov. 5, 2008) (holding summary dismissal of a § 2241 petition was unwarranted where petitioner was detained beyond the presumptively reasonable six-month period); *see also Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.").

Accordingly, the Court sets the following briefing schedule:

1. Respondent must file a response to the Petition on or before **July 10, 2025**. Respondent must serve a copy of their response upon Petitioner concurrently with the filing.

2. Petitioner may, but is not required, to file a traverse in support of his Petition no later than **August 8, 2025**.

After briefing is complete, the Court will take the matter under submission and without oral argument pursuant to Local Civil Rule 7.1(d)(1), unless the Parties are notified otherwise.

**IT IS SO ORDERED.**

Dated: June 6, 2025

Hon. Anthony J. Battaglia
United States District Judge